OPINION OF THE COURT
C. Raymond Radican, J.
This is a petition for readoption pursuant to Domestic Relations Law § 115-a (8). Subdivision (8) of Domestic Rela *107 tians Law § 115-a was added by Laws of 1990 (eh 547); the purpose of the new subdivision was to provide a mechanism whereby adoptive parents could commence and maintain an adoption proceeding in New York where the adoptive parents have already finalized the adoption of the child in a foreign country. Section 115-a generally provides the requirements for the adoption of children brought into New York State from foreign countries for the purpose of adoption. Section 115-a (1) (c) provides that the application to the court must be accompanied by duly authenticated documentary evidence regarding the child’s age and the fact that the child has been orphaned or abandoned. This court generally requires, to satisfy the mandate of authentication, that the foreign documents meet the requirements for admissibility into evidence, i.e., that they be accompanied by an apostille or by the authentication required by Real Property Law § 301-a.
Section 115-a (8) provides that "proof of finalization of an adoption outside the United States shall be prima facie evidence of the consent of those parties required to give consent to an adoption pursuant to section one hundred eleven of this article.”
The statute apparently does not require that the proof of finalization in the readoption meet the admissibility requirements of due authentication since, if authentication was required, the Legislature could have so provided. In any event, section 115-a (6) provides: "In any case where there has been a failure to comply with the requirements of this section, if applicable, no order of adoption shall be made until one year after the court shall have received the petition to adopt. The court may shorten such waiting period for good cause shown, and, in such case the order of adoption shall recite the reason for such action.”
The court is cognizant of the fact that many proceedings for readoption pursuant to Domestic Relations Law § 115-a (8) are complicated by the lack of due authentication of the foreign adoption documents. In this case, the court’s file contains the original adoption documents from the Romanian court wherein the adoption of this child was finalized in 1991. The documents, however, are not properly authenticated although the court is satisfied as to their genuineness.
Accordingly, in readoption proceedings wherein due authentication of foreign adoption documents is lacking, the court will permit the proceeding to proceed to finalization in the *108 absence of such authentication where the court is satisfied as to the genuineness of the documents submitted and hence the proof of the finalization of the adoption outside the United States as required by Domestic Relations Law § 115-a (8). Where original foreign adoption documents are not available or where the court is not satisfied as to their adequacy, the court will nevertheless consider permitting the matter to proceed to finalization as permitted by Domestic Relations Law § 115-a (6) where the child has resided with the adoptive couple for at least one year and where a home study conducted after the expiration of the one-year period recommends approval of the petition.
In the case now before the court, the court is satisfied as to the genuineness of the foreign adoption documents submitted and that they provide the necessary proof of finalization required by Domestic Relations Law § 115-a (8). Accordingly, the adoption may proceed to finalization in the normal course without the consent of any person or persons.