OPINION OF THE COURT
Lee L. Holzman, J.
Petitioners, domiciliaries of Bronx County, New York, filed a petition on August 22, 1994 seeking an order pursuant to Domestic Relations Law § 115-a (8) for the readoption of Luis, who was born in Mexico on August 1, 1993, and who appears to have been adopted in that jurisdiction by petitioners on June 15, 1994. Domestic Relations Law § 112 (6) and § 116 (1) *265 provide that, unless the court exercises its discretion to shorten the time period, an adoption shall not be finalized until the child has resided with the petitioners for at least six months and until the adoption petition has been filed in the court for at least six months. Thus, the issue presented is whether the fact that this is an application for readoption instead of a de nova adoption proceeding is a sufficient ground in and of itself for the court to exercise its discretion to shorten or dispense with the six-month residency and filing requirements.
The apparent reason that the Domestic Relations Law usually requires six-month residency and filing periods is so that everyone involved in the adoption proceeding is afforded a sufficient period of time to evaluate whether it is in the best interest of the child for the legal system to place its imprimatur of approval on the creation of a lifelong parent-child relationship. However, the statutory scheme recognizes that the required waiting periods are not inviolate commandments never to be broken and, consequently, the applicable provisions also provide that the court has the discretion to shorten or dispense with the six-month periods.
A purist might object to the entry of any type of readoption order on the grounds that if the original adoption was invalid in the jurisdiction where it was purportedly finalized, it should not be validated in this jurisdiction and if it was valid in the foreign jurisdiction, the proceedings in this jurisdiction are unnecessary. Nevertheless, the Legislature has determined that the entry of a "cosmetic” order by a court in this jurisdiction confirming or reaffirming the validity of the order of the foreign jurisdiction serves a useful purpose akin to a declaratory judgment advising all interested parties, including governmental agencies that issue or rely upon birth or other records, that a lawful parent-child relationship exists (see, Scheinkman, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 115-a, 1994 Pocket Part [1990]). Thus, where it appears that the approval of the creation of a lifelong parent-child relationship has already been finalized in a foreign jurisdiction, the primary concern of the court in a readoption proceeding shifts from whether the application is in the child’s best interest to whether the original adoption was valid. Moreover, if that question is answered affirmatively, the court may be less concerned with other requirements than it might otherwise be *266 in an adoption proceeding (see, Matter of Dafina T. G., 161 Misc 2d 106).
Starting with the premise that the function of the court in a readoption proceeding is to determine whether the order of adoption entered in the foreign jurisdiction is valid, rather than to investigate de nova whether the granting of the application is in the child’s best interest, leads to the conclusion that the provisions of Domestic Relations Law § 112 (6) and § 116 (1) may be read in harmony with the provision of Domestic Relations Law § 115-a (8) by holding that the "discretion” or that "good cause shown” required to shorten the six-month period under either section 112 (6) or section 116 (1) is fulfilled solely by the fact that the proceeding is one for readoption. In short, there is no reason to believe that the court would in a few months from now be in a better position than it is at the present time to determine whether the adoption proceeding in Mexico was valid. Accordingly, the matter is referred to the Adoption Clerk to review and, if appropriate, the matter may proceed to the entry of an order for readoption without regard to the usual six-month residency and filing requirements.